Zayas, J., concurring in part and dissenting in part.
 

 {¶ 16} I agree that the cost to rekey the car was proximately caused by M.N.'s offense because it was necessary to restore the victim's security. However, based on this record, I disagree that the cost of rekeying the home was an economic expense caused by M.N.'s offense. Absent any evidence that M.N. accessed the spare keys or registration papers, the cost to rekey the house was not an economic loss as contemplated by the statute.
 

 {¶ 17} The only testimony regarding the spare keys was that they were in the car and included house keys. With respect to the registration papers, Meece testified that they were kept in the glove compartment. The keys and registration papers were not included on the list of missing items, and Meece did not testify that they were missing, so presumably, she recovered them.
 

 {¶ 18} There is nothing in the record that suggests that M.N. had found or possessed the spare keys. There is no evidence that the keys had been moved or otherwise disturbed. Likewise, there was no testimony that the glove compartment had been opened or that the registration papers had been disturbed or removed from the glove compartment. Absent any evidence that M.N. had accessed or possessed the keys and registration papers, I cannot conclude that the security of the home had been compromised by M.N.'s offense.
 

 {¶ 19} Moreover, as M.N. correctly pointed out, there was no evidence of any damage to the home locks that would require them to be rekeyed.
 
 See
 

 Seele
 
 , 6th Dist. Sandusky No. S-13-025,
 
 2014-Ohio-1455
 
 ,
 
 2014 WL 1384399
 
 , at ¶ 9 (concluding that the court committed error by ordering restitution to replace the victim's locks absent any evidence in the record that the locks were damaged). The sole basis for imposing the cost of rekeying the home was the victim's alleged feeling of insecurity based upon the speculation that M.N. may have had found the spare keys, made
 a copy of the house key, found the registration papers in the glove compartment, retrieved the papers, read the papers, and memorized the home address on the papers. Absent any competent, credible evidence that M.N. accessed the house key or registration papers, the trial court abused its discretion in ordering restitution for the cost to rekey the house.
 
 See
 

 id.
 

 {¶ 20} Accordingly, I would modify the judgment to reduce the restitution order to $1138.63 and affirm the judgment of the juvenile court as modified.